**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY LENARD CARVER,

Defendant - Appellant.

No. 97-1248

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 96-CR-460-D)**

---

Craig B. Shaffer, Dufford & Brown, P.C., Denver, Colorado, appearing for Appellant.

John M. Hutchins, Assistant United States Attorney (Henry L. Solano, United States Attorney, and Stephanie Podolak, Assistant United States Attorney, with him on the brief), District of Colorado, Denver, Colorado, appearing for Appellee.

---

Before **TACHA**, **HENRY**, and **MURPHY**, Circuit Judges.

---

**TACHA**, Circuit Judge.

This appeal is from an order of the district court sentencing defendant Tony Lenard Carver to 151 months imprisonment following a plea of guilty to a one-

count information charging him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Defendant raises three issues on appeal. First, he asserts that he did not voluntarily and knowingly enter his agreement to plead guilty because neither the trial court nor defense counsel advised him of the direct consequences of his plea. Second, he alleges that the trial counsel who represented him during the plea negotiations, guilty plea, and sentencing was ineffective. Lastly, defendant claims that the trial court improperly participated in plea negotiations during the sentencing hearing in violation of Federal Rule of Criminal Procedure 11(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.

The original indictment charged defendant with several counts relating to the distribution of crack cocaine. Defendant admits that he was on state probation at the time these offenses were committed. After plea negotiations, the defendant pled guilty to a one-count information charging him with intent to distribute crack cocaine. Pursuant to the terms of the plea agreement, the United States moved to dismiss the initial indictment. During a change of plea proceeding on February 11, 1997, the defendant acknowledged that he had discussed the operation of the sentencing guidelines with his counsel and understood that the sentence proposed in his plea agreement was 151 months. The trial court accepted defendant's plea "on a provisional basis" and deferred, until the time of sentencing, the ultimate

acceptance of defendant's guilty plea. At the sentencing hearing on June 20, 1997, defendant expressed concerns about the presentence investigation report and his plea agreement. At least some of the defendant's statements at that hearing suggest uncertainty as to whether he wished to go forward with the guilty plea and sentencing. The district court thoroughly questioned defendant about his intentions and wishes regarding the plea agreement. Also, as the sentencing record makes clear, the district court knew of the defendant's concerns about the presentence investigation report and the sentence. It actively informed the defendant about the plea agreement, the alternative possibility of going to trial, and the possible sentences that might result from that choice.

On appeal, defendant argues that he entered his plea involuntarily because he was not properly informed of its direct consequences. In particular, defendant argues that the district court judge violated Rule 11 by failing to explicitly inform him during sentencing that, according to § 5G1.3 of the United States Sentencing Guidelines, his federal and state sentences would run consecutively.[1] We

---

[1] It is, however, not clear from the record that § 5G1.3 stripped the district court of discretion to impose a concurrent federal sentence in this case. Application Note 6 to § 5G1.3 states:

> If the defendant was on . . . state probation . . . at the time of the instant offense, and has had such probation . . . revoked, the sentence from the instant offense should be imposed to run consecutively to the term imposed for the violation of probation . . . in order to provide an incremental penalty for the violation of probation . . . .

disagree. Defendant made some statements suggesting that he might have thought his federal sentence would be served first or that there was a possibility of concurrent rather than consecutive sentencing. However, these same statements, and others in the record, show that the defendant was at least aware of the possibility of receiving a consecutive sentence. Under these circumstances, a district court has no duty to inform the defendant of the possibility of consecutive sentences -- even if mandated by the Guidelines. See Williams v. United States, 500 F.2d 42, 44 (10th Cir. 1974); see also United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990) (finding that although "a guilty plea must be voluntarily

Plaintiff admits and the presentencing report states that he was on probation for a prior state drug conviction, for which he received an eight-year suspended sentence, at the time the federal offenses were committed. However, the record does not clearly reflect how this could be true, given that defendant pled guilty to and was sentenced for the state offense some nine months after the federal offenses were committed. Furthermore, the record indicates that, at the time the defendant pled guilty to and was sentenced for his federal offense, his state probation had not yet been revoked. Lastly, even if defendant clearly fell within the parameters of Application Note 6, it is still unclear whether the district court was without discretion to impose a concurrent sentence. Although other circuits have held that Application Note 6 is mandatory rather than discretionary, see, e.g., United States v. Alexander, 100 F.3d 24, 26-27 (5th Cir. 1996); United States v. McCarthy, 77 F.3d 522, 539 (1st Cir. 1996); United States v. Bernard, 48 F.3d 427, 431 (9th Cir. 1995), this court has not yet addressed the issue. For these reasons, defendant's assertion that the district court was wholly without discretion to impose a concurrent sentence in this case must be taken with some skepticism. However, because our holding in this case would not change regardless of whether the court had discretion, we need not resolve these problems here.

entered with a full understanding of the direct consequences of the plea[,] . . . whether a federal sentence runs consecutive to or concurrent with a state sentence is not considered a direct consequence of the plea"). But see United States v. Neely, 38 F.3d 458, 461 (9th Cir. 1993) (holding that when a district court has no power to grant a concurrent sentence, it has a duty under Rule 11 to inform the defendant that his federal sentence would run consecutive to his state sentence). Thus, the district court's failure to explicitly inform defendant that his state and federal sentences would run consecutively does not render the plea agreement involuntary. Accordingly, we find that the district court satisfied the requirements of Rule 11 and that the defendant entered the plea agreement knowingly and voluntarily.

Defendant further argues that his counsel during the course of the plea negotiations, plea agreement, and sentencing was ineffective. Except in those rare instances where an ineffective assistance of counsel claim is fully developed in the record, such claims should be asserted in a motion pursuant to 28 U.S.C. § 2255 and not on direct appeal. See United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc). In this case, the record does not fully develop defendant's claim because it does not sufficiently describe the advice given by defendant's counsel concerning the plea decision. A post-conviction hearing would be needed to ferret out this information. We therefore decline to address

defendant's allegations of ineffective assistance of counsel.

Finally, defendant argues that the district court participated in plea discussions during the sentencing hearing in violation of Federal Rule of Criminal Procedure 11(e). We disagree. The record indicates that after entering a conditional guilty plea in a prior proceeding, the defendant appeared for the sentencing hearing and, at that time, made contradictory statements throughout the hearing with respect to whether he wished to go forward with sentencing on the basis of the plea agreement. Defendant further entered a number of objections with regard to the presentence investigation report and its calculation of defendant's criminal history. The defendant could, at best, be described as appearing indecisive at the sentencing hearing. During the lengthy and contradictory interchange that ensued, the district court asked defendant a number of questions and pressed him with respect to his wishes regarding his plea. The pattern of the district court's questioning was undoubtedly influenced by the defendant's own vacillation. In any event, although the district court's comments certainly evidenced some frustration, they did not rise to the level of involvement that constitutes a violation of Rule 11(e).

While it is true that Rule 11(e) prevents a judge from shaping the terms of a plea bargain or pressuring a criminal defendant to settle his case, these stringent prohibitions of Rule 11(e) do not apply once "the parties ha[ve] concluded their

agreement, and the prosecutor ha[s] laid it out in open court," even if the agreement is not formal and binding. United States v. Frank, 36 F.3d 898, 902-03 (9th Cir. 1994). In other words, once the parties have "hammered out" the details of their agreement, Rule 11(e) does not prevent the sentencing judge from questioning the defendant regarding the terms, consequences, and acceptance of the plea agreement or from providing the defendant with information relating to these matters. See Fed. R. Crim. P. 11(e)(1) advisory committee's note (1974 amend.) ("This amendment makes clear that the judge should not participate in plea discussions leading to a plea agreement. It is contemplated that the judge may participate in such discussions as may occur when the plea agreement is disclosed in open court."); United States v. Adams, 634 F.2d 830, 835 (5th Cir. 1981) ("Rule 11 contemplates an active role for the trial judge once the plea agreement is reached by the parties and disclosed in open court . . . ."), superseded on other grounds, 138 F.3d 1359 (11th Cir. 1998); cf. Frank, 36 F.3d at 903. Indeed, such inquiries are required by other provisions of Rule 11. See Fed. R. Crim. P. 11(c), (d), (f).

The record reveals that defendant entered into a plea agreement and changed his plea to guilty well before his problematic interchange with the district court judge. Thus, the district court judge did not inappropriately involve himself in the plea discussions in violation of Rule 11(e). Rather, the judge's

comments were prompted by an attempt to resolve the inconsistent positions taken by the defendant during the sentencing hearing and were, if anything, related to defendant's consideration of whether or not to withdraw his *already negotiated* plea agreement. The district court merely directed its comments towards providing the defendant with information relating to that choice. Under these circumstances, we find no violation of Rule 11(e) in the statements of the district court.

AFFIRMED.