**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

ROMAN GABRIEL VAUGHN,

       Defendant-Appellant.

Nos. 99-7012 & 99-7016
(D.C. Nos. 97-CR-5-B & 98-CR-54-B)
(E.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

Defendant Roman Gabriel Vaughn appeals the consecutive sentences he received for an offense he committed while on probation, and for the probation violation itself. [1] As we cannot determine whether the district court considered the

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

factors set out in 18 U.S.C. § 3553(a), we vacate defendant's sentences and remand for resentencing with a record explanation of the court's reasons.

Defendant committed an offense while already on probation. On January 13, 1999, the district court sentenced defendant to twelve-months' incarceration for the new offense in case No. CR-98-54, revoked his probation in case No. CR-97-05, and sentenced him to ten months for the probation violation. The court ordered the sentences to run consecutively. Defendant appeals, arguing the sentences must be vacated because the district court failed to express its reasons for imposing consecutive, rather than concurrent, sentences. We review the district court's decision to impose consecutive sentences for an abuse of discretion. See United States v. Williams, 46 F.3d 57, 58 (10th Cir. 1995).

The district court has discretion to choose between consecutive and concurrent terms of imprisonment. See 18 U.S.C. § 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time . . . , the terms may run concurrently or consecutively."). Nevertheless, in exercising that discretion, § 3584(b) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the

defendant with needed training, medical care, or other correctional treatment; (4) the kinds of sentences available under the United States Sentencing Guidelines (USSG); (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid sentence disparities; and (7) the need for restitution.

United States v. Rose, 185 F.3d 1108, 1111-13 (10th Cir. 1999), implements 18 U.S.C. § 3553(c) and requires the district court to state on the record its reasons for imposing a particular sentence, so that we may meaningfully review the sentence for an abuse of discretion. After reviewing the transcript of the sentencing hearing, we are unable to determine the district court's reasons for imposing consecutive sentences. On this basis, the case would appear to require a remand to meet Rose standards.

The government argues, however, that even if the district court erred in failing to set forth its reasoning on the record, the error was harmless because the court was required to impose consecutive sentences under USSG § 7B1.3(f), and § 5G1.3, comment (n.6). Neither of these sections required consecutive sentences, however.

Section 7B1.3(f) contains a policy statement on sentencing in cases where the defendant's probation or supervised release is revoked, as follows

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to

any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

USSG § 7B1.3(f). We have previously decided that the policy statements in chapter seven of the sentencing guidelines are advisory, not mandatory. <u>See</u> <u>United States v. Hurst</u>, 78 F.3d 482, 483-84 (10th Cir. 1996). Accordingly, the government cannot rely on this section to establish harmless error.

The effect of USSG § 5G1.3, comment (n.6), is not so obviously inapplicable that it precludes further discussion. Section 5G1.3 governs the sentencing of a defendant who is "[s]ubject to an [u]ndischarged [t]erm of [i]mprisonment." Subsection (a) covers offenses committed by the defendant while serving a sentence, or after sentencing but before service. Subsection (b) covers offenses other than those in category (a), so long as the current offense level takes into account the offense underlying the undischarged sentence. Subsection (c), identified by the Commission as a policy statement, grants the court discretion in all other cases to choose between consecutive and concurrent sentences. Application note 6 to § 5G1.3 states

> If the defendant was on federal or state probation . . . at the time of the instant offense, *and has had such probation . . . revoked*, the sentence for the instant offense *should* be imposed to run consecutively to the term imposed for the violation of probation . . . in order to provide an incremental penalty for the violation of probation . . . .

(emphasis added).  This court has not yet decided whether application note 6 is mandatory or discretionary.    See United States v. Carver   , 160 F.3d 1266, 1268 n.1 (10th Cir. 1998).  The courts that have considered the effect of note 6 have come down on both sides of the issue.    Compare  United States v. Maria   , 186 F.3d 65, 70-73 (2nd Cir. 1999) (holding note 6 is not mandatory based on use of "should" rather than "shall") and    United States v. Walker   , 98 F.3d 944, 945 (7th Cir. 1996) (indicating in dicta that note 6 creates only a "strong presumption in favor of consecutive sentencing"),    with  United States v. Alexander   , 100 F.3d 24, 26-27 (5th Cir. 1996) (per curiam) (holding note 6 states mandatory requirement), and United States v. Gondek   , 65 F.3d 1, 2-3 (1st Cir. 1995) (same).

We need not resolve this question because application note 6, by its terms, does not apply to this case.  Note 6 applies only when the defendant "has had [his] probation revoked" before sentencing on the new offense.  It is only under these circumstances that a defendant is subject to an undischarged term of imprisonment, which is a prerequisite to applying § 5G1.3.      Cf. United States v. Cofske , 157 F.3d 1, 1-2 (1st Cir. 1998) (holding "an undischarged term of probation is not an 'undischarged term of imprisonment'" for purposes of USSG § 5G1.3),  cert. denied  , 119 S. Ct. 1374 (1999);   Prewitt v. United States   , 83 F.3d 812, 817-18 (7th Cir. 1996) (same).  Because Vaughn's probation was not revoked until after he was sentenced for the offense committed while on

probation, application note 6 does not apply, and we cannot conclude the district court's error was harmless.

This case is remanded to the District Court with instructions to vacate the sentence and resentence in accordance with this Order and Judgment. Because defendant has already completed his twelve-month sentence, the district court should expedite his resentencing.

Entered for the Court

Carlos F. Lucero
Circuit Judge