**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY CARROLL
HOLLINGSWORTH, a/k/a Bob
Hollingsworth,

Defendant - Appellant.

No. 03-7102
(D. Ct. No. CR-03-21-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **BRISCOE** and **HARTZ**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Bobby Carroll Hollingsworth pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. On appeal,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Hollingsworth contends that he received ineffective assistance of counsel regarding his plea entry and that the district court erred in denying his motion to withdraw his guilty plea. We take jurisdiction under 28 U.S.C. § 1291, DISMISS his ineffective assistance claim, and AFFIRM the district court's denial of his motion to withdraw his plea.

## I. BACKGROUND

Mr. Hollingsworth pleaded guilty before a magistrate judge on March 5, 2003. At that time, the magistrate judge conducted a thorough Federal Rule of Criminal Procedure 11 colloquy. Nevertheless, on May 9, 2003, Mr. Hollingsworth moved to withdraw his plea before the district court.

Shortly thereafter, Mr. Hollingsworth's attorneys, Messrs. Tim Maxey and Mark Edwards, withdrew from the case. The district court then appointed Mr. Bret A. Smith as Mr. Hollingsworth's attorney. Mr. Hollingsworth's new attorney renewed the motion to withdraw the guilty plea.

The district court denied this motion, sentencing Mr. Hollingsworth to 342 months' incarceration. Mr. Hollingsworth filed a timely notice of appeal. He argues that (1) he received ineffective assistance of trial counsel at the time of the entry of his guilty plea, and (2) the district court abused its discretion in failing to grant his motion to withdraw his guilty plea. We disagree.

## II.  DISCUSSION

*A.      Ineffective Assistance of Trial Counsel*

It is well established that we will not enforce a plea agreement that is the product

of ineffective assistance of counsel.  *See, e.g., United States v. Edgar*, 348 F.3d 867, 869

(10th Cir. 2003).  Nevertheless, "[i]neffective assistance of counsel claims . . . . brought

on direct appeal are presumptively dismissible, and virtually all will be dismissed."

*United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  "Except in

those rare instances where an ineffective assistance of counsel claim is fully developed in

the record, such claims should be asserted in a motion pursuant to 28 U.S.C. § 2255 and

not on direct appeal."  *United States v. Carver*, 160 F.3d 1266, 1268 (10th Cir. 1998).

"[T]he record does not fully develop defendant's [ineffective assistance] claim . . .

[unless it] sufficiently describe[s] the advice given by defendant's counsel concerning the

plea decision."  *Id.*  Here, the vast majority of counsel's advise to Mr. Hollingsworth was

given off the record.[1]  Because we lack a fully developed record, "[a] post-conviction

hearing [is] needed to ferret out this information."  *Id*.  Therefore, we decline to address

Mr. Hollingsworth's ineffective assistance of counsel claims until such time as he may

---

[1]For example, during the Rule 11 colloquy, Mr. Hollingsworth received off-the-record advice from counsel on at least five occasions.  Moreover, the record does not indicate what advice Mr. Hollingsworth received when not in court.  We note these facts not to suggest ineffective assistance, but to highlight that the record is not fully developed because it is mostly silent as to what advice Mr. Hollingsworth received from his attorneys.

seek habeas review.

*B.    Denial Of Motion To Withdraw Plea*

"We review the district court's denial of the motion to withdraw the guilty plea for an abuse of discretion."  *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000). "Under the law of this circuit, judicial action which is arbitrary, capricious, or whimsical constitutes an abuse of discretion."  *Amoco Oil Co. v. United States Envtl. Prot. Agency*, 231 F.3d 694, 697 (10th Cir. 2000) (internal quotations omitted).  "A ruling based on an erroneous view of the law or on a clearly erroneous assessment of the evidence would constitute an abuse of discretion."  *Id*. (internal quotations omitted).

A criminal defendant does not have an absolute right to withdraw a guilty plea. *Siedlik*, 231 F.3d at 748.  Rather, the Federal Rules of Criminal Procedure allow a defendant to withdraw his guilty plea after the district court has accepted it only if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  A defendant bears the burden on this score.  *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993).  Thus, "we will not reverse absent a showing that the trial court acted 'unjustly or unfairly.'"  *United States v. Kramer*, 168 F.3d 1196, 1202 (10th Cir. 1999) (internal quotations omitted).

We consider seven factors in deciding whether a defendant has met the burden of showing that the district court, in denying a motion to withdraw a plea, acted unjustly or unfairly:

- 4 -

(1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources. *Siedlik*, 231 F.3d at 749.

After considering these factors, we find that the district court did not abuse its discretion. *See id.* at 749. The district court found, and the record supports, that Mr. Hollingsworth has not asserted his innocence. In fact, he stated during the Rule 11 colloquy that "I have done what they are accusing me of."

We also agree with the district court that, because the government ended its investigation and pursuit of evidence after Mr. Hollingsworth pleaded guilty, it would suffer tremendous hardship in re-opening the case and tracking down witnesses, many of whom live out of state. Under such circumstances, the district court did not act arbitrarily or capriciously in finding that a two-month delay between entry of the guilty plea and the motion to withdraw was excessive. *See United States v. Kramer*, 168 F.3d 1196, 1202 (10th Cir. 1999) (finding that a three-month delay in filing a motion to withdraw a guilty plea weighed decisively against the defendant where he filed the motion one day before sentencing). Nor did it act in an arbitrary manner in finding that, given the limited nature of judicial resources, the crowded dockets, and the difficulty of compelling witnesses attendance, withdrawing the plea would greatly inconvenience the court and waste judicial resources.

- 5 -

Although we cannot conduct a full ineffective assistance analysis with the insufficiently developed record before us, we note, as did the district court, that Mr. Hollingsworth had the benefit of two lawyers at the time of his plea entry and numerous opportunities to discuss issues with counsel privately during the course of the Rule 11 colloquy. Thus, we do not find the district court's conclusion that Mr. Hollingsworth received quality assistance of counsel arbitrary, capricious, or whimsical.

Finally, the district court held that Mr. Hollingsworth entered into the plea knowingly and voluntarily. The district court stated, and we agree, that "the Magistrate Judge meticulously asked questions of the defendant [regarding the voluntariness of his plea], went over all of his constitutional rights and made a determination based upon the defendant's answers and demeanor that the plea was knowing and voluntary." Thus, the record of the Rule 11 colloquy clearly supports the district court's conclusion.

Moreover, Mr. Hollingsworth does not persuade us with any of his four justifications for granting the motion to withdraw his plea. He argues that: (1) he had not been fully advised of his right to a jury trial; (2) he had not been fully advised of the possible punishment resulting from his guilty plea; (3) he was not acting of sound mind and in good judgment when entering his guilty plea; and (4) the Information charging Mr. Hollingsworth was factually insufficient. As shown below, the record belies these arguments, and the district court therefore did not abuse its discretion in rejecting them.

First, the magistrate judge asked Mr. Hollingsworth numerous times during the

Rule 11 colloquy if he knew of his right to a jury trial, to which Mr. Hollingsworth always answered yes. Second, during the Rule 11 colloquy, the magistrate judge repeatedly highlighted that pleading guilty could result in a life sentence. Mr. Hollingsworth consistently acknowledged that he understood this possibility. Third, the magistrate judge specifically asked Mr. Hollingsworth if he (1) was intoxicated, (2) lacked needed medication, (3) was suffering from or ever suffered from mental illness, or (4) was otherwise mentally or physically impaired in his decision to plead guilty. Mr. Hollingsworth stated that he was not so impaired, and the magistrate judge made a factual finding to this effect.

Fourth, Mr. Hollingsworth contends that, as he only admitted to providing a coconspirator with one-tenth of the amount of methamphetamine charged in the Information, the Information was factually insufficient because it does not comport with the elements of a conspiracy under § 846. Mr. Hollingsworth's argument ignores our longstanding rule that in a drug conspiracy the defendant, among other things, need only voluntarily agree to violate the narcotics laws and know the essential objectives of the conspiracy. *See United States v. Colman*, 7 F.3d 1500, 1502-03 (10th Cir. 1993) (providing the elements of a § 846 charge, which do not include performance of an overt act in furtherance of the conspiracy). The defendant need not commit any overt acts in furtherance of the conspiracy. *United States v. Shabani*, 513 U.S. 10, 11 (1994) ("This case asks us to consider whether 21 U.S.C. § 846, the drug conspiracy statute, requires the

Government to prove that a conspirator committed an overt act in furtherance of the conspiracy. We conclude that it does not."). Thus, Mr. Hollingsworth's admission satisfies the elements of a § 846 conspiracy because it shows that Mr. Hollingsworth had agreed to violate the narcotics laws and that he was aware of the essential purpose of the conspiracy.

## III. CONCLUSION

Because we do not reach the merits of Mr. Hollingsworth's ineffective assistance of counsel argument on direct appeal, we DISMISS it. Moreover, as the district court did not abuse its discretion in denying Mr. Hollingsworth's motion to withdraw his guilty plea, we AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge