**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY CARROL
HOLLINGSWORTH,

Defendant-Appellant.

No. 06-7116
(E.D. Oklahoma)
(D.C. No. CIV-05-277-P)
(D.C. No. CR-03-21-JHP)

**ORDER**

Before **KELLY**, **MURPHY,** and **O'BRIEN**, Circuit Judges.

Petitioner, Bobby Carrol Hollingsworth, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on Hollingsworth's request for a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Hollingsworth has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

In 2003, Hollingsworth was charged in a one-count Information with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Hollingsworth waived indictment and pleaded guilty to the charge. Before sentencing, Hollingsworth filed a *pro se* motion seeking to withdraw his guilty plea. The district court permitted retained counsel to withdraw and appointed new counsel who filed an amended motion to withdraw the guilty plea together with a supporting brief. Following a hearing on the matter, the district court denied the motion and sentenced Hollingsworth to 324 months' incarceration.

Hollingsworth filed a direct appeal with this court. We affirmed the district court's denial of the motion to withdraw the plea and dismissed Hollingsworth's claim that he received ineffective assistance of counsel. *United States v. Hollingsworth*, 94 Fed. App'x 743 (10th Cir. 2004) (unpublished disposition). Hollingsworth thereafter filed the instant § 2255 motion, raising claims of ineffective assistance of counsel and challenging his sentence as unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005).[1] The district court held an evidentiary hearing on the ineffective assistance claims, hearing testimony from Hollingsworth and the three attorneys who represented him during the plea and sentencing proceedings. Applying the paradigm set out in *Strickland v. Washington*, 466 U.S. 668 (1984), the district court denied Hollingsworth's §

---

[1]The district court concluded Hollingsworth's *Booker* claim lacked merit because *Booker* is not retroactively applicable to cases on collateral review. *See United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) ("We now join all other circuits that have examined the question and conclude *Booker* does not apply retroactively to initial habeas petitions."). Hollingsworth does not seek a COA on this issue.

2255 motion, concluding he failed to establish counsel's representation prior to and during the plea process or during the sentencing proceedings fell below an objective standard of reasonableness.

Hollingsworth is before this court seeking to appeal the district court's resolution of his ineffective assistance claims. To be entitled to a COA, Hollingsworth must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Hollingsworth has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Hollingsworth need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Hollingsworth's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that he is not entitled to a COA. The district court's resolution of

Hollingsworth's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Hollingsworth's request for a COA and **dismisses** this appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge