**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCUS G. HAHN,

Defendant-Appellant.

No. 06-2198
(D.C. Nos. CIV-05-608 JP/LFG and
CR-00-1344-JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

Marcus G. Hahn appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability (COA) on his claim that his guilty and nolo contendere pleas to several sexual-exploitation offenses were involuntary, and we now affirm.

_____

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

While executing a search warrant at Mr. Hahn's home, law enforcement officers found a marijuana-growing operation and loaded firearms. *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc) (per curiam). They also found videotapes showing Mr. Hahn sexually abusing boys who appeared to be sedated and a prescription for a "date rape" drug. *Id.* at 1318-19. "Based on this evidence, the government charged Mr. Hahn in two separate federal cases, one involving the marijuana operation and related firearms possession and the other involving the sexual-exploitation offenses." *Id.* at 1319. The marijuana and firearms case proceeded first. Mr. Hahn was convicted, after a jury trial, of manufacturing marijuana, maintaining a place for the manufacture of marijuana, and two counts of possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). *United States v. Hahn*, 38 F. App'x 553, 554 (10th Cir. 2002). He was sentenced to 480 months' imprisonment. *Hahn*, 359 F.3d at 1319.[1]

In the sexual-exploitation case, the case at issue in this appeal, Mr. Hahn pleaded guilty pursuant to a plea agreement to four counts of sexual exploitation of a minor and two counts of distributing a controlled substance with intent to commit a violent crime. He also pleaded nolo contendere to a third count of

---

[1]     We affirmed the sentence on direct appeal and later affirmed the district court's dismissal of Mr. Hahn's motion for § 2255 relief. *Hahn*, 38 F. App'x at 555; *United States v. Hahn*, 191 F. App'x 758, 759 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1897 (2007).

distributing a controlled substance with intent to commit a violent crime. The district court imposed concurrent 240 month sentences for the six counts to which Mr. Hahn pleaded guilty and a fifty-two month consecutive sentence for the count to which he pleaded nolo contendere. *Hahn*, 359 F.3d at 1319. Also, the court ordered that he serve this sentence consecutively to the sentence imposed in the marijuana and firearms case. *See* 18 U.S.C. § 924(c)(1)(D) ("Notwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . . ."). We dismissed Mr. Hahn's direct appeal after holding that his plea agreement's waiver of appellate rights was enforceable. *Hahn*, 359 F.3d at 1329-30.

Thereafter, Mr. Hahn filed his § 2255 motion, asserting that the district court violated his constitutional and Fed. R. Crim. P. 11 rights by failing to advise him of the direct consequence of his pleas. He contended that his pleas were not knowingly and voluntarily entered because the district court failed to inform him prior to the entry of his pleas that imposition of a consecutive sentence was required by § 924(c) and that the court lacked discretion to impose a concurrent sentence. After adopting the magistrate judge's report and recommendation, the district court denied § 2255 relief. The court found that Mr. Hahn had been informed of the maximum possible sentence and that he was aware that a consecutive sentence could be ordered. In light of these findings and the holding

in *United States v. Carver*, 160 F.3d 1266, 1268 (10th Cir. 1998), the court determined that the court had no duty to inform Mr. Hahn of the possibility of a consecutive sentence, even if a consecutive sentence was mandatory. *See* Aplt. App., Vol. I at 265.

Mr. Hahn continues to argue on appeal that he did not enter his pleas knowingly and voluntarily with a full understanding of the direct consequences of the pleas. Reviewing the district court's legal rulings de novo and factual findings for clear error, *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), we conclude the district court correctly denied § 2255 relief.

"A defendant's guilty plea must be knowing, voluntary, and intelligent." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). For a knowing and voluntary plea, a defendant must be "fully aware of the direct consequences" of the plea. *See Brady v. United States*, 397 U.S. 742, 748, 755 (1970) (quotation omitted).

*Carver*, the case relied on by the district court, squarely addresses whether a mandatory consecutive sentence is a direct consequence of a plea and holds it is not. *Carver*, 160 F.3d at 1268. Mr. Carver was aware that he could receive a consecutive sentence. *Id.* Based on that awareness, we held that the "district court ha[d] no duty to inform [Mr. Carver] of the possibility of consecutive sentences–even if mandated by the [Sentencing] Guidelines." *Id.*; *see id.* n.1 (deciding that holding applied regardless of whether district court had discretion

-4-

to impose consecutive sentence); *see also Williams v. United States*, 500 F.2d 42, 44 (10th Cir. 1974) (holding that defendant need not be advised that his sentence would not run concurrently to state sentence); *United States v. General*, 278 F.3d 389, 395 (4th Cir. 2002) ("Rule 11 . . . does not require a district court to inform the defendant of mandatory consecutive sentencing.").

Like Mr. Carver, Mr. Hahn was aware of the possibility that he could receive a consecutive sentence. *See* Aplt. App., Vol. 1 at 93, 240 (affidavits of counsel stating that they advised Mr. Hahn that district court had discretion to impose concurrent sentence). Thus, the district court's failure to inform Mr. Hahn that his sexual-exploitation sentence would run consecutively to his drug and firearms sentence did not render his guilty and nolo contendere pleas involuntary. *See Carver*, 160 F.3d at 1268. We therefore conclude he entered his pleas knowingly and voluntarily, his constitutional rights were not violated, and the district court satisfied the requirements of Rule 11.

Accordingly, we AFFIRM the judgment of the district court.[2]

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[2] Although Mr. Hahn continues to argue in his reply brief that his pleas were involuntary because they were induced by ineffective assistance of counsel, we did not grant a COA on that claim, and we DENY his request to expand the COA to include this claim.