GREGORY, Chief Judge:
Petitioner-Appellant Marcus Hahn appeals the final order of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because Hahn's current sentence stems from faulty arithmetic based on a now-obsolete scheme of statutory interpretation, we conclude that Hahn's petition meets the requirements of 28 U.S.C. § 2255(e), the savings clause. We therefore reverse the district court's order and remand with instructions to grant Hahn's writ of habeas corpus.[1]
I.
On December 31, 1999, law enforcement from various state and federal agencies executed a search warrant for Hahn's home near Albuquerque, New Mexico. Hahn was arrested after law enforcement discovered and seized marijuana plants *298 and firearms during that search. On December 7, 2000, at the conclusion of a jury trial in the United States District Court for the District of New Mexico, a jury convicted Hahn of the following four counts: (1) intentionally manufacturing 100 or more marijuana plants;[2] (2) opening and maintaining a place for the purpose of manufacturing, distributing, and using marijuana;[3] (3) possessing firearms in furtherance of the intentional manufacturing of 100 or more marijuana plants;[4] and (4) possessing a firearm in furtherance of the opening and maintaining a place for the purpose of manufacturing, distributing, and using marijuana.[5] Counts III and IV are based on the same gun collection, which includes 21 firearms.
In 2001, the district court sentenced Hahn to 480 months' imprisonment for these gun and drug offenses. He received 60 months' imprisonment for Count I, a concurrent 27 months for Count II, a consecutive 120 months for Count III, and a consecutive 300 months for Count IV.[6]
In 2002, on direct appeal to the Tenth Circuit, Hahn challenged the legality of his sentence for his second firearm conviction. He contended that the district court impermissibly treated his second firearm conviction as "second or subsequent" to his first firearm conviction for purposes of the statute's sentencing enhancement. Hahn I , 38 F. App'x at 554. Hahn argued that the court's approach was in error because the underlying drug crimes were part of a "continuing incident" and were "coterminous in space and time." Id. The Tenth Circuit rejected this argument, relying principally on United States v. Sturmoski , 971 F.2d 452, 461 (10th Cir. 1992) ("[C]onsecutive sentences may be imposed for multiple 924(c) counts if the offenses underlying each 924(c) count do not constitute a single offense for double jeopardy purposes."). Similar to Hahn, the defendant in Sturmoski appealed convictions for: (1) attempting to manufacture a controlled substance; (2) maintaining a place for manufacturing a controlled substance; and (3) two 18 U.S.C. § 924(c) convictions for facilitating the aforementioned drug counts. Hahn I , 38 F. App'x at 555. The Sturmoski court held that "Congress intended multiple convictions under 924(c), even though the counts involved 'the same criminal episode,' because Congress intended the underlying offenses to be separate." Id. After reviewing Sturmoski , the Tenth Circuit in Hahn's case found that "[t]he only difference between the situations in Sturmoski and in this case is that one of Hahn's 924(c) convictions was for possession in furtherance of manufacture, rather than possession in furtherance of attempt to manufacture." Id. Given the factual and legal similarities between Sturmoski and Hahn's case, the court found that " Sturmoski clearly controls the outcome of this case. Hahn's conviction for maintaining a place for manufacture is distinct from his manufacture conviction, and his two 924(c) convictions are also distinct." Id. The court further ruled that "even if possession of a firearm occurs in connection with a single criminal episode, a second 924(c) conviction arising out of that episode can constitute a 'second or subsequent *299 conviction' for sentencing purposes." Id. The Tenth Circuit therefore affirmed Hahn's convictions and sentence. Id.
In 2004, Hahn filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the United States District Court of New Mexico. He argued that "double jeopardy bars multiple § 924(c)(1) firearm convictions based on multiple predicate offenses which are factually inseparable in terms of time, space and underlying conduct." United States v. Hahn , 191 F. App'x 758, 760 (10th Cir. 2006) (citation and internal quotation marks omitted) (" Hahn II "). Hahn also argued that " § 924(c)(1) contains a number of ambiguities, requiring application of the rule of lenity." Id. Hahn explained that he did not previously raise these arguments because he received ineffective assistance of counsel. The district court dismissed the motion in 2004, concluding that Hahn's arguments were procedurally barred and without merit. Id .
Hahn filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). He disputed that his double jeopardy claim had been resolved on direct appeal and moved to amend his § 2255 motion to add more evidence. Id. The district court treated these motions as successive § 2255 motions and transferred them to the Tenth Circuit. Hahn appealed this determination, and the Tenth Circuit issued a certificate of appealability to consider Hahn's § 924(c)(1) arguments. The Tenth Circuit subsequently affirmed the dismissal and held that: (1) Hahn forfeited his double jeopardy claim and it was procedurally barred because he did not raise it on direct appeal; (2) even if his double jeopardy claim was not procedurally barred, counsel's failure to raise it would not have constituted ineffective assistance of counsel because Sturmoski controls and renders Hahn's double jeopardy claim meritless; and (3) as to the ambiguity argument, a motion to vacate could not be used, absent an intervening change in circuit law, to raise an argument that was resolved on direct appeal. Hahn II , 191 F. App'x at 760-61.
In 2015, Hahn filed a motion under Rule 60(b)(4), alleging that he was entitled to relief because of an en banc Tenth Circuit decision issued after the dismissal of his petition. United States v. Rentz , 777 F.3d 1105 (10th Cir. 2015). Hahn argued that Rentz altered the substantive law in the Tenth Circuit by establishing a new statutory framework interpreting § 924(c). Specifically, Hahn contended that Rentz added a unit-of-prosecution requirement for a § 924(c) conviction and therefore entitled him to relief denied under Sturmoski . Unit-of-prosecution questions ask whether the conduct at issue "constitutes one, or several, violations of a single statutory provision." Callanan v. United States , 364 U.S. 587, 597, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961). In Rentz , the Tenth Circuit addressed the issue of whether, as a matter of statutory construction, § 924(c) "authorizes multiple charges when everyone admits there's only a single use, carry, or possession." 777 F.3d at 1108. After recognizing that this question was separate from the double jeopardy inquiry, the court ruled that each § 924(c) charge "requires an independent use, carry, or possession." Id. at 1115. Before Rentz , when Sturmoski was controlling law, multiple charges under § 924(c) were permissible as long as they did not run afoul of the Double Jeopardy Clause. After Rentz , the Tenth Circuit, based on the language of the statute itself, held that multiple charges under § 924(c) based on the same conduct were not proper even if they complied with the Double Jeopardy Clause. Thus, Rentz found that it was improper to allow multiple charges to arise from a single possession under the language of the statute. Id.
*300 The district court determined that Hahn's motion should be treated as a second or subsequent § 2255 motion-i.e., a motion that could not be filed without precertification by the Court of Appeals-and transferred it to the Tenth Circuit. Hahn then filed a motion to remand before the Tenth Circuit to allow the district court to consider the merits of his Rule 60(b) motion or, in the alternative, for authorization to file a second or successive § 2255 motion. The Tenth Circuit denied both the motion to remand and Hahn's request to file a second or successive § 2255 motion based on a procedural impediment. Rentz was a Tenth Circuit decision, and thus did not meet the requirements for a second or subsequent motion.
At some point after 2015, correctional officials transferred Hahn to a facility in South Carolina, where he is currently detained. Hahn filed the instant petition under 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. Pursuant to § 2241, federal courts have jurisdiction over habeas corpus petitions from federal inmates "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas petitions filed under this section must be filed in the jurisdiction where the federal prisoner is detained. 28 U.S.C. § 2241(a)(c)(3). Hahn's appeal is properly before us because he is detained in South Carolina.
Hahn contended that he was actually statutorily innocent of his second § 924(c) conviction after Rentz because the charge was procedurally improper. The magistrate judge issued a report that recommended denying Hahn's petition because Hahn could not meet the three-pronged test outlined in In re Jones , 226 F.3d 328, 333-34 (4th Cir. 2000). That case holds that " § 2255 is inadequate and ineffective to test the legality of a conviction" where:
(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.
Id . Hahn objected to the magistrate's report and recommendation, but the district court adopted the magistrate judge's recommendation and denied his petition. Hahn filed a Rule 59 motion to alter or amend the judgment. See Fed. R. Civ. P. 59(e). The district court denied the motion as without merit, and Hahn timely appealed.[7]
II.
Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255. Rice v. Rivera , 617 F.3d 802, 807 (4th Cir. 2010). Nonetheless, § 2255 includes a "savings clause" that preserves the availability of § 2241 relief when § 2255 proves "inadequate or ineffective to test the legality of a [prisoner's] detention." 28 U.S.C. § 2255(e).
As the district court properly recognized, in determining whether to grant habeas relief under the savings clause, we consider (1) whether the conviction was proper under the settled law of this circuit or Supreme Court at the time;
*301 (2) if the law of conviction changed after the prisoner's direct appeal and first § 2255 motion; and (3) if the prisoner cannot meet the traditional § 2255 standard because the change is not one of constitutional law. In re Jones , 226 F.3d at 333-34. In evaluating substantive claims under the savings clause, however, we look to the substantive law of the circuit where a defendant was convicted. In re Davenport , 147 F.3d 605, 611-12 (7th Cir. 1998) ; Eames v. Jones , 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011). Hahn was convicted in the Tenth Circuit. For this reason, we apply our procedural law, but Tenth Circuit substantive law governs the petition. We review the district court's denial of Hahn's § 2241 petition de novo . Fontanez v. O'Brien , 807 F.3d 84, 86 (4th Cir. 2015).
A.
The first prong of In re Jones requires that "at the time of conviction, settled law of the circuit or the Supreme Court established the legality of the conviction." 226 F.3d at 333-34. Here, the legality of the conviction turns on whether it was proper at the time to charge and convict Hahn with two § 924(c) counts based on the possession of a single collection of firearms in both: (1) furtherance of intentionally manufacturing 100 or more marijuana plants and (2) the opening and maintaining of a place for the purpose of manufacturing, distributing, and using marijuana.
There are two legal principles that may limit the Government's power to pursue multiple charges for the same underlying conduct in this case: (1) the statute's unit of prosecution and (2) the Double Jeopardy Clause. At the time of Hahn's conviction, Tenth Circuit law held that the only requirement for charging multiple § 924(c)(1)(A) counts based on a single criminal event was that the crimes of violence or drug trafficking crimes underlying each count be separate to avoid violations of the Double Jeopardy Clause.[8] See Blockburger v. United States , 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (explaining that the Double Jeopardy Clause prohibits punishing a defendant for the same conduct under two distinct statutory provisions unless "each provision requires proof of a fact which the other does not"). Sturmoski did not address any concerns regarding the statutory unit of prosecution.
In Sturmoski , the Tenth Circuit rejected the defendant's argument that multiple § 924(c) convictions for the same underlying conduct were impermissible, reasoning that "separate convictions can arise from essentially identical facts" if the convictions do not violate double jeopardy. 971 F.2d at 461. Sturmoski was the governing law at the time Hahn was charged and convicted. It follows, then, that at the time of conviction the settled law of the Tenth Circuit established the legality of Hahn's two convictions pursuant to the same conduct under § 924(c). Hahn thus meets the first requirement of our savings clause inquiry.
B.
Our decision in In re Jones next requires that we ask whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." 226 F.3d at 333-34. Hahn argues that the Tenth Circuit's 2015 decision in Rentz renders non-criminal the conduct on which his second § 924(c) conviction was based. We must therefore determine whether the *302 rule announced in Rentz establishes that the conduct underlying Hahn's second firearm conviction is no longer criminal. We hold that it does.
In 2013, a panel of the Tenth Circuit heard United States v. Rentz , a case in which a defendant's single use of a firearm, resulting in one gun shot, led to convictions for two crimes: assault and murder. 735 F.3d 1245, 1247 (10th Cir. 2013). The grand jury indicted the defendant on two counts of use of a firearm in furtherance of a crime of violence, one for the assault and one for the murder. Id . The defendant moved to dismiss the second firearm count, arguing that: (1) Congress did not intend to punish a person for two violations of § 924(c) based on a single use of a firearm and (2) punishment on both firearm counts would violate the Double Jeopardy Clause. Id. The district court agreed and granted the defendant's motion. Id.
On appeal, the Tenth Circuit reversed. Id . at 1254. The panel, relying on Sturmoski , "held that the proper 'unit of prosecution' under § 924(c) is a single underlying offense-meaning that two convictions under § 924(c) arising from the same course of conduct were proper under the language of § 924(c)." Id. at 1250.
The Tenth Circuit later granted rehearing en banc to decide the unit of prosecution issue that led to the reversal of the district court's decision. See Rentz , 777 F.3d at 1117. The Tenth Circuit explained that the question presented was whether, as a "matter of statutory interpretation, § 924(c)(1)(A) authorizes multiple charges when everyone admits there's only a single use, carry, or possession." Id. at 1108. The court held that the Government must prove a separate use, carry, or possession for each § 924(c) charge it brings. Id. at 1109. The court thus vacated the panel opinion relying on Sturmoski and affirmed the district court's decision. Id. at 1115.
Hahn argues that the en banc decision in Rentz constitutes a substantial change in the law because it introduces a new statutory framework that was not present in Sturmoski . We agree. Under Sturmoski , whether or not conduct could lead to multiple charges under § 924(c) in the Tenth Circuit depended solely on whether the charge violated the Double Jeopardy Clause. Now under Rentz , it is not enough that the multiple charges pass muster under the Double Jeopardy Clause. Rather, multiple charges must also comply with a unit-of-prosecution statutory analysis that examines how many distinct instances of conduct exist. When the charges or counts exceed the number of acts, those extra charges or counts cannot form the basis of additional criminal liability. In sum, Rentz constitutes a substantive change in the law that renders Hahn's firearm possession no longer sufficient to support two § 924(c) convictions.
The Government advances several arguments to the contrary, none of which we find persuasive. Relying on Schlup v. Delo , 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), the Government attempts to import a procedural gateway actual innocence analysis into the adjudication of Hahn's petition. The Government argues that Hahn must demonstrate actual innocence: that he did not commit the underlying conduct, i.e., possession of the firearms, in order to warrant relief under the savings clause. The Government asks us to utilize an analysis that requires a petitioner "to support his allegations of constitutional error with new reliable evidence." Schlup , 513 U.S. at 324, 115 S.Ct. 851. This argument fails because the Fourth Circuit does not require an actual innocence analysis under the savings clause and adopting the Government's position *303 would be contrary to the settled and established law of this Circuit. 226 F.3d at 333-34. The test in In re Jones functions as a gateway to relief without interrogating the factual issues of whether the underlying criminal activity occurred. In Re Jones assumes that the factual record is settled but requires this Court to compare prior and current precedent to evaluate whether a substantive change in the law has occurred. A petitioner satisfies this standard if the substantive change in the law makes previously illegal conduct no longer a source of criminal liability. In other words, our analysis is tethered to a change in the law, not a change in the factual underpinnings or evidence of a criminal record. If this substantive change in the law occurs after the prisoner's direct appeal and first § 2255 motion, he satisfies the second requirement of the In re Jones standard. This is the standard that we use to ascertain a prisoner's entitlement to relief under the savings clause.
Moreover, the Government argues that Rentz does not control because there are factual differences between Sturmoski and Rentz that make them distinguishable. However, Rentz outlines a new statutory scheme of interpretation that is not a fact-dependent inquiry. Indeed, Rentz now defines and requires a unit-of-prosecution analysis in criminal matters implicating § 924(c). The newly required analysis applies to any § 924(c) charge regardless of the particular facts of the case.
The Government further argues that Hahn's case involves multiple possessions and that the petition should therefore still be denied. We also find this argument unavailing. Hahn was charged with two counts based on a single gun collection that the police discovered at his home on a single day. The same firearm collection was listed in the indictment as support for both of the firearm counts. The Government argues that Hahn should still be found to have separate possessions under Rentz because the guns were found at different locations throughout his house. See United States v. Hutching , 75 F.3d 1453, 1460 (10th Cir. 1996). And yet we discern no cognizable relationship among the number of guns, the locations of the guns, and the number of § 924(c) counts in Hahn's the indictment. For instance, the indictment did not charge that ten of the guns were for the furtherance of the manufacturing charge based on one location and that eleven of the guns were for the furtherance of the place-of-manufacture charge based on another location. The same set of 21 guns was simply listed twice in the indictment, indicating that the two counts were based on drug activity and a singular possession. Rentz renders this approach impermissible.[9]
In conclusion, Rentz substantively changed the law of the Tenth Circuit. Because of this change, Hahn's petition satisfies the second prong of In re Jones . Only one firearm possession exists, and therefore-under Rentz -only one § 924(c) charge is proper here.
C.
Finally, our decision in In re Jones provides that Hahn can pursue § 2241 relief only if he "cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." 226 F.3d at 333-34. Hahn could not successfully *304 pursue collateral review under § 2255 because Rentz did not rely on any rule of constitutional law and no new evidence was proffered. Hahn thus meets the third and final requirement of the savings clause and is entitled to relief.
III.
Hahn's conviction on Count IV-the second of his § 924(c) convictions-cannot stand because it is not supported by an independent firearm possession under recent Tenth Circuit precedent. We therefore reverse the district court's decision and remand with instructions to grant Hahn's writ of habeas corpus and vacate his second conviction under 18 U.S.C. § 924(c) and the associated consecutive 300-month sentence.
REVERSED AND REMANDED WITH INSTRUCTIONS

The Government requested that this Court stay the current proceedings in anticipation of the Supreme Court's decision whether to grant certiorari in United States v. Wheeler , 734 F. App'x 892 (4th Cir. 2018). The Government's request is moot because the Supreme Court denied certiorari in Wheeler on March 18, 2019. See United States v. Wheeler , --- U.S. ----, 139 S. Ct. 1318, 203 L.Ed.2d 600 (2019).

See 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2.

See 21 U.S.C. § 856 (a)(1), (b).

See 18 U.S.C. § 924(c)(1)(A).

Id .

The sentencing court characterized the Count IV firearm conviction as a "second or subsequent" conviction under § 924(c), for which the statute mandated a consecutive sentence of twenty-five years. United States v. Hahn , 38 F. App'x 553, 554 (10th Cir. 2002) ("Hahn I ").

The district court had jurisdiction over Hahn's § 2241 petition under 28 U.S.C. § 1331. This Court has jurisdiction over this appeal under 28 U.S.C. §§ 1291(a) and 2253(a).

The Tenth Circuit did not rely upon a separate unit-of-prosecution analysis when determining the propriety of multiple charges or counts.

The Government correctly notes that the Tenth Circuit in Rentz explains that the exact definition of possession, carry, and use remains unsettled. However, this does not diminish the Tenth Circuit's holding in Rentz that where, as here, the Government charges two § 924(c) counts for the same single carry, use, or possession, the multiple charges are in error.