**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6759**

TOBIAN PONDER,

> Petitioner - Appellant,

v.

UNITED STATES OF AMERICA; WARDEN BRYAN ANTONENELLI,

> Respondents - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Henry M. Herlong, Jr., Senior District Judge.  (1:19-cv-01125-HMH)

Submitted:  November 22, 2019                    Decided:  January 30, 2020

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tobian Ponder, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tobian Ponder appeals the district court's order adopting the magistrate judge's recommendation and dismissing Ponder's 28 U.S.C. § 2241 (2012) petition without prejudice for lack of jurisdiction. Finding no reversible error, we affirm.

In 1998, a jury in the United States District Court for the Southern District of Florida convicted Ponder of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012) (Count 1); four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 2, 4, 6, and 8); four counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012) (Counts 3, 5, 7, and 9); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (Count 10); and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2012) (Count 11). The crime of violence supporting Count 3 was conspiracy to commit Hobbs Act robbery, and the crimes of violence supporting Counts 5, 7, and 9 were substantive Hobbs Act robberies. The Southern District of Florida sentenced Ponder to a total term of 1015 months' imprisonment, which included a 60-month consecutive sentence for Count 3.

Ponder, who is now incarcerated in South Carolina, filed a § 2241 petition, arguing that his § 924(c) convictions are invalid because conspiracy to commit Hobbs Act robbery is no longer a crime of violence.[*] Ponder relied on *Johnson v. United States*, 135 S. Ct.

---

[*] Although Ponder asked the court to declare all of his § 924(c) convictions invalid, any holding regarding the classification of conspiracy to commit Hobbs Act robbery as a crime of violence applies solely to Count 3.

2

2551, 2557, 2563 (2015) (declaring residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e) (2012), unconstitutionally vague), *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210-11 (2018) (holding that residual clause in 18 U.S.C. § 16(b) (2012) is unconstitutionally vague), and *United States v. Simms*, 914 F.3d 229, 233-34, 236 (4th Cir.) (en banc) (holding that residual clause in § 924(c)(2)(B) is unconstitutionally vague and that conspiracy to commit Hobbs Act robbery is not crime of violence under force clause in § 924(c)(2)(A)), *cert. denied*, 140 S. Ct. 304 (2019).

The district court applied our test outlined in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019), to determine whether 28 U.S.C. § 2255 (2012) was inadequate or ineffective to test the legality of Ponder's sentence. The court explained that Ponder could not satisfy that test because the Eleventh Circuit had not extended *Johnson* and *Dimaya* to conclude that the residual clause in § 924(c)(3)(B) is unconstitutionally vague and had held in an unpublished opinion that conspiracy to commit Hobbs Act robbery is a crime of violence.

We review de novo a district court's order denying relief on a § 2241 petition. *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). When doing so, we apply our procedural law but "look to the substantive law of the circuit where a defendant was convicted"— here, the Eleventh Circuit. *Id.*

"Generally, defendants who are convicted in federal court must pursue habeas relief from their convictions and sentences through the procedures set out in 28 U.S.C. § 2255." *Id.* at 300. A federal prisoner, however, may seek habeas relief under § 2241 through the so-called savings clause of § 2255(e) "when § 2255 proves inadequate or ineffective to test

3

the legality of a prisoner's detention." *Id.* (alteration and internal quotation marks omitted).

If the prisoner cannot show that § 2255 is inadequate or ineffective, the district court must

dismiss the § 2241 petition for lack of jurisdiction. *See Wheeler*, 886 F.3d at 423 ("[T]he

savings clause is a jurisdictional provision.").

Initially, we conclude that the district court improperly used the *Wheeler* test when

assessing whether Ponder could advance his claim through a § 2241 petition. The *Wheeler*

test applies to prisoners challenging the legality of their sentences, but Ponder challenged

the legality of his § 924(c) convictions. To prove that § 2255 is inadequate or ineffective

to test the legality of his conviction, a § 2241 petitioner must establish that:

> (1) at the time of conviction, settled law of th[e] circuit [of his conviction] or
> the Supreme Court established the legality of the conviction; (2) subsequent
> to the prisoner's direct appeal and first § 2255 motion, the substantive law
> changed such that the conduct of which the prisoner was convicted is deemed
> not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping
> provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

The first prong of the *Jones* test is easily satisfied here, as there is no doubt that

Ponder's § 924(c) convictions were valid in 1998. The second prong of the *Jones* test is

also satisfied. The district court correctly described the status of the law at the time it

entered its decision. However, since then, the Supreme Court has held that the residual

clause in § 924(c)(3)(B) is unconstitutionally vague, *United States v. Davis*, 139 S. Ct.

2319, 2336 (2019), and the Eleventh Circuit has issued a published opinion holding that

"conspiracy to commit Hobbs Act robbery does not qualify as a 'crime of violence,' as

defined by § 924(c)(3)(A)"—the force clause, *Brown v. United States*, ___ F.3d ___, No.

4

17-13993, 2019 WL 5883708, at *5 (11th Cir. Nov. 12, 2019). Thus, subsequent to Ponder's direct appeal and first § 2255 motion, the substantive law changed such that the conduct for which he was convicted—using and carrying a firearm during and in relation to a conspiracy to commit Hobbs Act robbery—is no longer criminal.

For the third prong, the question is whether Ponder can "successfully pursue collateral review under § 2255"—that is, can he meet the gatekeeping requirements under § 2255(h)? *Hahn*, 931 F.3d at 303-04. We conclude that he can. If Ponder were to seek leave from the Eleventh Circuit to file a successive § 2255 motion, he would most likely succeed, as that court has held that *Davis* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *In re Hammoud*, 931 F.3d 1032, 1036-39 (11th Cir. 2019). Thus, given the current status of the law in the Eleventh Circuit, Ponder does not need to rely on a § 2241 petition filed in this Circuit to obtain an order vacating his § 924(c) conviction based on conspiracy to commit Hobbs Act robbery.

Although for different reasons, we conclude that the district court correctly dismissed Ponder's § 2241 petition without prejudice for lack of jurisdiction. We therefore grant Ponder leave to proceed in forma pauperis and affirm the district court's order. *See Williamson v. Stirling*, 913 F.3d 154, 171 (4th Cir. 2018) (reiterating that we may "affirm on any ground apparent from the record"). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5