**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-6322

MARCELLAS HOFFMAN,

                Petitioner - Appellant,

      v.

BRECKON, Warden,

                Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:18-cv-00265-MFU-RSB)

Submitted:  January 27, 2022                    Decided:  April 15, 2022

Before DIAZ and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Marcellas Hoffman, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcellas Hoffman, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition in which he sought to raise various challenges to his convictions and sentence by way of the savings clause in 28 U.S.C. § 2255. Hoffman's sole challenge on appeal is that the district court erred by denying as futile his motion to amend his § 2241 petition to challenge his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e), in light of *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm").[*]

Typically, "we review a district court's denial of a motion for leave to amend for abuse of discretion." *U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014). However, "where, as here, the district court denied such a motion on grounds of futility," we review the district court's legal conclusions de novo. *Id.* In reviewing de novo a district court's denial of a § 2241 petition, we apply our own procedural law, but "we look to the substantive law of the circuit where a defendant was convicted"—here, the Third Circuit. *Hanh v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019).

---

[*] Hoffman has forfeited review of the district court's decision to dismiss the majority of his claims by failing to raise a challenge in his informal brief. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus under § 2241 only if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Hoffman satisfies the first prong of the *Jones* test because, at the time he was convicted, the Government was only required to establish that Hoffman was a felon in possession of a firearm in violation of § 922(g)(1) by proving beyond a reasonable doubt that Hoffman (1) "had previously been convicted of a crime punishable by imprisonment for a term exceeding one year"; (2) "knowingly possessed a firearm"; and (3) "the firearm had passed in interstate commerce." *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). In other words, "at the time of [Hoffman's] conviction, settled law . . . established the legality of the conviction." *Jones*, 226 F.3d at 333-34. Hoffman also satisfies the third prong of the *Jones* test because the Third Circuit has determined that the rule announced in *Rehaif* is not one of constitutional law. *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("First and foremost, *Rehaif* did not state a rule of constitutional law at all. Rather, it addressed what the statutes enacted by Congress require for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2).").

3

However, on the current record, it is unclear what evidence the Government presented at trial to prove Hoffman's guilt. Accordingly, although we grant leave to proceed in forma pauperis, we vacate the district court's order denying relief as to the § 922(g)(1) conviction and remand to the district court for consideration in the first instance of whether, in light of the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), applicable Third Circuit law, and the evidence adduced by the Government at trial, Hoffman can satisfy the *Jones* test by establishing that "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." *Jones*, 226 F.3d at 334.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*