**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-6771**

_____

KEWIA TYRONE HUNTER,

          Petitioner - Appellant,

    v.

RICHARD HUDGINS,

          Respondent - Appellee.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cv-00004-JPB-JPM)

_____

Submitted:  November 29, 2022              Decided:  January 4, 2023

_____

Before AGEE and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Kewia Tyrone Hunter, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kewia Tyrone Hunter, a federal prisoner, appeals the district court's order dismissing for lack of jurisdiction his 28 U.S.C. § 2241 petition in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be "inadequate or ineffective to test the legality of a prisoner's detention." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). "In evaluating substantive claims under the savings clause, . . . we look to the substantive law of the circuit where a defendant was convicted." *Id.* But "we apply our procedural law," *id.*, "in determining whether to grant habeas relief under the savings clause," *id.* at 300. Thus, to challenge his sentence under § 2241, Hunter must establish that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Upon our review of the record, we conclude that Hunter fails to satisfy the *Wheeler* standard. Accordingly, we affirm. We deny Hunter's motions to appoint counsel and to stay the proceedings. We dispense with oral argument because the facts and legal

2

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*