**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

 v.

MARCUS HAHN,

   Defendant-Appellant.

Nos. 04-2344 & 05-2033
(D.C. Nos. CIV-04-44-JP/ACT
& CR-00-82-JP)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

  Marcus Hahn appeals the dismissal of his 28 U.S.C. § 2255 motion for

sentencing relief. He also challenges the transfer to this court of various post-

dismissal motions. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

## BACKGROUND

While executing a search warrant on Hahn's residence, police found firearms and marijuana plants. Following a jury trial, Hahn was convicted on four counts: manufacturing marijuana; maintaining a place to manufacture, distribute and use marijuana; possessing a firearm in furtherance of manufacturing marijuana; and possessing a firearm in furtherance of maintaining a place to manufacture, distribute and use marijuana. Hahn's twenty-five year consecutive sentence for the second firearm offense forms the basis of this appeal.

Hahn was sentenced under former 18 U.S.C. § 924(c)(1) (2000):

(A) . . . any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . crime . . .
(B) . . . be sentenced to a term of imprisonment of not less than 10 years [if the firearm is a semiautomatic assault weapon] . . . .
*(C) In the case of a second or subsequent conviction under this subsection, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years.*

(Emphasis added.) Hahn appealed to this court. He argued that his conviction for possessing a firearm in furtherance of maintaining a place to manufacture marijuana could not qualify as a second or subsequent conviction to his conviction for possessing a firearm in furtherance of manufacturing marijuana. He reasoned that, because the underlying drug crimes "were coterminous in space and time," Aplt. App. at 77, it would be "an absurdity to declare that the possession of a gun in furtherance of the marijuana grow is one offense, and that

-2-

the possession of the same (or even of a different) gun in furtherance of using one's residence to grow marijuana is a 'second or subsequent' offense," *id.* at 78. Hahn characterized the statute as ambiguous and sought application of the rule of lenity. *Id.* at 81. In affirming, we cited prior precedent that "'consecutive sentences may be imposed for multiple 924(c) counts if the offenses underlying each 924(c) count do not constitute a single offense for double jeopardy purposes.'" *United States v. Hahn*, 38 F. App'x. 553, 555 (10th Cir. 2002) (quoting *United States v. Sturmoski*, 971 F.2d 452, 461 (10th Cir. 1992)). We indicated that there was no double jeopardy problem because Hahn's drug convictions were for separate and distinct wrongs. *Id.* We were not persuaded that the time-space overlap between the drug offenses meant that there was only one firearm offense. We noted prior precedent that a second or subsequent § 924(c) conviction may arise from "a single criminal episode." *Hahn*, 38 F. App'x at 555 (citing *United States v. Romero*, 122 F.3d 1334, 1137 (10th Cir. 1997), and *United States v. Parra*, 2 F.3d 1058, 1062 (10th Cir. 1993)). Hahn unsuccessfully sought rehearing en banc and certiorari.

In January 2004, Hahn moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argued that double jeopardy bars multiple § 924(c)(1) firearm convictions "based on multiple predicate offenses which are factually inseparable in terms of time, space and underlying conduct," Aplt. App. at 17, and that § 924(c)(1) contains a number of ambiguities, requiring application

of the rule of lenity. Hahn claimed that these arguments were not raised on appeal and that they were not raised because his counsel was ineffective. The district court dismissed the motion on May 12, 2004, finding Hahn's arguments procedurally barred and lacking in merit.

On May 20, 2004, Hahn moved for reconsideration under Fed. R. Civ. P. 59(e), disputing that his double jeopardy claim had been resolved on direct appeal and re-arguing precedent from the Fifth Circuit. On June 7, Hahn moved to amend his § 2255 motion under Fed. R. Civ. P. 15(a) to include evidence that the state judge who authorized the search warrant in this case had been arrested for drunk driving and possessing a controlled substance. On July 13, Hahn filed another motion to amend, arguing that only the jury, and not the judge, had authority to determine whether his conviction for possessing a firearm in furtherance of maintaining a place to manufacture marijuana was a "second or subsequent conviction" under § 924(c)(1)(C). The district court treated the motions as successive attempts to secure § 2255 relief and transferred them to this court.

Hahn appealed. We issued a certificate of appealability to consider Hahn's § 924(c)(1) issues.

**DISCUSSION**

"We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).

## I. The Rule of Lenity

"If a statute is ambiguous, the rule of lenity indicates that courts should interpret it in favor of the defendant." *United States v. Michel*, 446 F.3d 1122, 1135 (10th Cir. 2006). Lenity is only available, however, if "there is a grievous ambiguity or uncertainty in the language and structure of a provision." *Id.* (quotation omitted).

Hahn argues that "it is not clear that Congress intended to prescribe two punishments for the unitary possession of a firearm in furtherance of two predicate drug trafficking offenses that were spatially and temporally co-extensive." Aplt. Br. at 20. But Hahn made that same argument during his direct appeal, and we rejected it, stating that § 924(c)(1)'s sentencing enhancement applies "even if possession of a firearm occurs in connection with a single criminal episode." *Hahn*, 38 F. App'x at 555. A § 2255 motion generally cannot be used, absent an intervening change in circuit law, to raise an argument that was resolved on direct appeal. *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.

1989).[1] Hahn does not claim in his appellate brief any change in this circuit's law that would justify revisiting the ambiguity issue in this case.

## II. Double Jeopardy

The Fifth Amendment's Double Jeopardy Clause prohibits "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Warnick v. Booher*, 425 F.3d 842, 847 (10th Cir. 2005) (quotations omitted). Hahn states, without any discussion or analysis, that "imposing two, consecutive sentences" violates "his right to be free from being placed twice in jeopardy for the same offense of carrying a firearm." Aplt. Br. at 44. A litigant who mentions a point in passing but fails to support it with pertinent authority generally forfeits the point. *United States v. Callwood*, 66 F.3d 1110, 1115 n.6

---

[1] Hahn seeks to avoid the procedural bar by characterizing his present ambiguity argument as a challenge to § 924(c)(1)(A) and his former ambiguity argument as a challenge to § 924(c)(1)(C). But no such distinction appeared in his direct appeal brief. And while this court announced the general issue on direct appeal as whether one of Hahn's firearm convictions could be treated as a "second or subsequent conviction," *Hahn*, 38 F. App'x at 554 (citing 18 U.S.C. § 924(c)(1)(C)), the court's analysis did not involve that language. Rather, the court's analysis focused on the "the underlying drug crimes," *id.*, unmistakably referring to § 924(c)(1)(A). Moreover, the Second Circuit case Hahn presently describes as "succinctly explain[ing] the distinct basis for [the] 2255 motion," Aplt. Br. at 24, was the centerpiece of Hahn's ambiguity argument on direct appeal, Aplt. App. at 78-81 (citing *United States v. Finley*, 245 F.3d 199 (2d Cir. 2001)). As far as we can tell, Hahn's ambiguity arguments are identical.

(10th Cir. 1995) (quotation omitted). Moreover, Hahn's double jeopardy point is procedurally barred, either because it was resolved on direct appeal, *see Prichard*, 875 F.2d at 791, or because Hahn failed to mention it in his direct appeal brief, *see United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Despite Hahn's failure to make a double jeopardy argument on direct appeal, this court reached the issue in deciding whether § 924(c)(1) supported Hahn's second firearm sentence. *See Hahn*, 38 F. App'x at 555.

Hahn attempts to avoid only the *Cox* bar. Assuming that we may overlook the *Prichard* bar on the basis that such a bar cannot be imposed without the litigant presenting the issue that is decided on direct appeal, Hahn may avoid the *Cox* procedural bar by showing cause and prejudice, as from ineffective assistance of counsel, or by showing a fundamental miscarriage of justice if the claim is not considered. *Cox*, 83 F.3d at 341. Hahn argues that his appellate counsel was ineffective.

In order to prevail, Hahn must demonstrate that his counsel's failure to argue double jeopardy on direct appeal was deficient performance and prejudicial. *See Mallicoat v. Mullin*, 426 F.3d 1241, 1248-49 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 2356 (2006). The omission of a meritless issue on appeal will not constitute deficient performance. *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) If Hahn's counsel on direct appeal had asserted a double jeopardy challenge, it would have failed under *Sturmoski*, 971 F.2d at 461, which upheld

two convictions for possessing only one firearm in the course of (1) maintaining a place to manufacture drugs and (2) attempting to manufacture drugs. In *Sturmoski*, this court reasoned that because Congress intended multiple convictions and punishments for the two underlying drug crimes, two consecutive § 924(c)(1) sentences could be imposed without subjecting the defendant to double jeopardy, "even though the underlying offenses [arose] out of the same criminal episode and even though the same gun [was] paired with each underlying offense." *Id.* (citation omitted). Consequently, Hahn did not receive ineffective assistance of counsel and he cannot avoid the *Cox* procedural bar.

### III. Evidentiary Hearing

Hahn argues that the district court abused its discretion by resolving his § 2255 motion without an evidentiary hearing. We disagree. A hearing is not required if, as in this case, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

### IV. Second or Successive § 2255 Motions

Hahn contends that the district court abused its discretion in construing his motion for reconsideration and motions to amend as second or successive § 2255 motions. We disagree.

A post-judgment motion must be treated as second or successive—and certified by an appellate panel—if it asserts or reasserts a substantive claim to set aside the movant's conviction. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648,

-8-

2651 (2005) (deciding the extent to which a Fed. R. Civ. P. 60(b) motion filed in a 28 U.S.C. § 2254 proceeding should be considered a second or successive habeas petition); *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (extending *Gonzalez* to § 2255 motions). On the other hand, if the post-judgment motion challenges the integrity of the § 2255 proceedings, then it is not second or successive. *See Gonzalez*, 125 S. Ct. at 2648.

Hahn's motion for reconsideration expressed disagreement with the district court's reasoning. Hahn's motions to amend presented new grounds for relief. We conclude that all three motions qualified as second or successive and were properly referred to this court. *See United States v. Lambros*, 404 F.3d 1034, 1036-37 (8th Cir.) (concluding that a Rule 59(e) motion was subject to precertification because it "sought ultimately to resurrect the denial of [the] earlier § 2255 motion"), *cert. denied*, 125 S. Ct. 2953 (2005); *United States v. Espinoza-Saenz*, 235 F.3d 501, 503 (10th Cir. 2000) (approving district court's treatment of a supplemental § 2255 motion as second or successive, rather than as an amendment, where the motion could not relate back under Fed. R. Civ. P. 15(c) because it raised new claims). The "bar against successive § 2255 petitions" may not be avoided "by simply styling a petition under a different name." *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).[2]

---

[2] Hahn does not argue that any of the points raised in his motions to

(continued...)

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

---

[2](...continued)
reconsider or amend are certifiable as either: (1) newly discovered evidence
establishing innocence; or (2) a new rule of constitutional law, made retroactive
to cases on collateral review. *See* 28 U.S.C. § 2255. Nor could he, as the second
or successive proceedings in this court were dismissed for lack of prosecution.
*United States v. Hahn*, No. 04-2197 (10th Cir. Mar. 16, 2005) (dismissal order).

-10-