**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCUS HAHN,

    Defendant - Appellant.

No. 25-2069
(D.C. No. 1:21-CV-880-KWR-DLM &
1:00-CR-00082-KWR-SMV-1)
(D. N.M.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Marcus Hahn, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's order denying his amended

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  We deny a COA

and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hahn appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

# I.    BACKGROUND

## A.    Procedural History

In 2000, a jury convicted Hahn of knowingly and intentionally manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 1); opening and maintaining a place for the purpose of manufacturing, distributing, and using marijuana, in violation of 21 U.S.C. § 856(a)(1) and (b) (Count 2); and two firearms counts:  possessing a firearm in furtherance of the manufacture of marijuana (Count 3), and possessing a firearm in furtherance of the maintenance of a place to manufacture, distribute, and use marijuana (Count 4), both in violation of 18 U.S.C. § 924(c)(1)(A).

Relying on the 1998 United States Sentencing Guidelines, the district court imposed a sentence of 60 months on Count 1; 27 months on Count 2 (to run concurrently with the sentence on Count 1); 120 months for Count 3, consecutive to the sentences on Counts 1 and 2; and 300 months on Count 4, to run consecutively to all other terms.  This resulted in a total sentence of 40 years (480 months).  On direct appeal, we affirmed Hahn's sentence.  *United States v. Hahn*, 38 F. App'x 553, 555 (10th Cir. 2002).

Hahn then filed a § 2255 motion, arguing his two § 924(c) convictions violated double jeopardy and that he had received ineffective assistance of counsel.  The district court dismissed the motion and transferred his subsequent motions to reconsider to this court as second or successive § 2255 motions.  We affirmed the district court's judgment and dismissed the second or successive proceedings.  *United States v. Hahn*, 191 F. App'x 758, 762 & n.2 (10th Cir. 2006).

2

A decade later, Hahn filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina, seeking to vacate one of his two § 924(c) convictions (Count 4) due to changes in Tenth Circuit law.[2] He argued he was statutorily innocent of his conviction for possessing a firearm in furtherance of opening and maintaining a place for purpose of manufacturing marijuana. Although the district court denied relief, the Fourth Circuit held he was entitled to relief and instructed the district court to vacate Hahn's conviction on Count 4 and the associated consecutive 300-month sentence. *Hahn v. Moseley*, 931 F.3d 295, 304 (4th Cir. 2019).

In further proceedings in the District of South Carolina, that district court vacated his conviction on Count 4 and "allow[ed] the sentencing court in the District of New Mexico to issue an amended judgment," but did "not preclude [that court] from exercising its discretion to resentence [Hahn] *de novo* under the 'sentencing package' doctrine." R. at 713 (internal quotation marks omitted).[3]

In 2020, after a hearing, the District of New Mexico amended Hahn's sentence. Applying the 2018 Guidelines, it increased the sentence on Count 2 from 27 to 41 months and made it run concurrently with the mandatory minimum 60-month sentence for

---

[2] The § 2241 action was properly filed in the District of South Carolina, and Hahn's appeal was properly heard by the Fourth Circuit, because he was in custody in South Carolina. *See Hahn v. Moseley*, 931 F.3d 295, 300 (4th Cir. 2019).

[3] "Under the sentencing package doctrine, after [a reviewing court] vacate[s] a count of conviction that is part of a multi-count indictment, a district court possesses the inherent discretionary power to resentence a defendant on the remaining counts *de novo*," unless the vacating court imposes specific limits on that authority. *United States v. Jackson*, 82 F.4th 943, 949 (10th Cir. 2023) (internal quotation marks omitted).

Count 1.  It reduced his sentence on Count 3 to 60 months, to run consecutively to the other sentences.  Together with the vacation of Count 4, the amendments reduced Hahn's total sentence to 120 months.

###   B.    Current § 2255 Motion

Hahn filed his current § 2255 motion in the District of New Mexico on September 8, 2021.  Following amendment, his motion raised five claims.  The district court denied the § 2255 motion.  It also denied Hahn's motion to expand the record; declined to hold an evidentiary hearing; and denied a COA.

Hahn now seeks a COA on one of the five claims he raised in district court, his Fourth Amendment pretextual search claim and related suppression arguments.  He disputes the district court's rulings that this claim was both untimely and procedurally barred.  He also presents several issues concerning the district court's evidentiary rulings.

##   II.    DISCUSSION

To obtain a COA on claims the district court denied on the merits, Hahn must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  To the extent the district court denied a claim on a procedural ground, he must show that reasonable jurists could debate both "whether the petition states a valid claim of the denial of a constitutional right" and also "whether the district court was correct in its procedural ruling."  *Id.*  We may deny a COA on a ground that is supported by the record but not relied upon by the district court.  *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

4

A.      **Timeliness Issues**

A one-year limitation period applies to § 2255 motions. *See* 28 U.S.C. § 2255(f). The statutory limitation period runs from the latest of several events, including "the date on which the judgment of conviction becomes final." § 2255(f)(1). Applying this statute, the district court denied the four claims in Hahn's motion that raised issues concerning his conviction, concluding those "20-year-old [c]laims" were untimely. R. at 723. The district court rejected Hahn's argument that the amended judgment entered September 25, 2020, had reset the one-year limitations period for raising all of his claims. We need not determine whether this determination was reasonably debatable, because we deny a COA on other grounds. *See Slack*, 529 U.S. at 485 (to receive a COA, the movant must satisfy both relevant procedural and constitutional components, and this court may resolve those issues in any order); *see also Davis*, 425 F.3d at 834.

B.      **Fourth Amendment Claim**

Based on a warrant issued in December 1999, officers searched Hahn's home and storage lockers. The warrant sought evidence of marijuana cultivation and firearms. But Hahn asserts that state authorities sought that warrant as a pretext to search his residence for evidence of a homicide. He claims in executing the December 1999 warrant law enforcement conducted a pretextual, general search. He argues all the evidence seized should therefore have been suppressed.[4]

---

[4] In his § 2255 motion, Hahn raised other Fourth Amendment arguments concerning suppression of evidence. But he now explains that only his pretextual search claim is "relevant [to] this application for a COA," and that he intended for all these other

The district court concluded that *Stone v. Powell*, 428 U.S. 465 (1976), bars this Fourth Amendment claim. *Stone* provides that habeas relief is unavailable "on the ground that evidence obtained in an unconstitutional search or seizure was introduced at [the movant's] trial" if he was provided "an opportunity for full and fair litigation of a Fourth Amendment claim." *Id.* at 494; *see also United States v. Lee Vang Lor*, 706 F.3d 1252, 1257 (10th Cir. 2013) (*Stone* bar applies to § 2255 motions). Prior to his trial, Hahn moved to suppress the evidence and the district court held a hearing at which Hahn presented his Fourth Amendment claims. But he contends that he did not have a full and fair opportunity to litigate his claims because the government withheld material evidence in advance of the suppression hearing in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and because his counsel provided ineffective assistance concerning his claims.

### 1.    *Brady* Argument

We will assume that *Brady* applies to a suppression hearing, though that is an open question in this circuit, and "[w]e have hinted the answer is no." *United States v. Muhtorov*, 20 F.4th 558, 623 & n.41 (10th Cir. 2021). "To establish a *Brady* violation, a defendant must demonstrate that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense." *Id.* at 623 (internal quotation marks omitted). The defendant must establish these elements by a preponderance of the evidence. *Fontenot v. Crow*, 4 F.4th 982, 1062 (10th Cir. 2021).

issues "to compl[e]ment and support the pretextual search claim." COA Appl. at 2-3. We therefore focus on the pretextual search claim.

Hahn's alleged *Brady* evidence was a 13-page affidavit narrative attached to a January 2000 search warrant issued by a New Mexico state court in a separate homicide case. Hahn claims the affidavit shows that state and federal agents had been working together for months to investigate him as a suspect in the homicide. According to Hahn, his attorney attempted to unseal the warrant affidavit, but the state court denied his request. He argues that had he been able to access the affidavit before the November 2000 suppression hearing in his federal case, there is a reasonable probability the court would have suppressed all the evidence used against him in this case.

In his § 2255 motion, Hahn argued "[t]he Government actively impeded Hahn's access to this evidence at the State Hearing" on whether to unseal the warrant affidavit. R. at 406. The district court rejected this argument, reasoning that Hahn did not show that the United States was involved in the alleged *Brady* violation that occurred in the state proceedings.[5]

Hahn argues the court erred because we have defined the "prosecution" for *Brady* purposes to include participants beyond the federal prosecutor. He cites *Smith v. Sec'y of*

---

[5] Hahn argues that in reaching this conclusion, the district court merely relied on the magistrate judge's recommendation, which the district court fully adopted, and failed to conduct the required de novo review of his objections. The district court stated that (1) upon de novo review it agreed with the magistrate judge (2) it adopted in full and incorporated his analysis of the *Brady* and Fourth Amendment claims, and (3) Hahn's objections were overruled. This was sufficient. *See Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) ("[A] brief order expressly stating the court conducted de novo review is sufficient."); *see also generally Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1258 (10th Cir. 2022) (this court generally takes the district court at its word when it says it has or hasn't done something).

*New Mexico Dep't of Corr.*, 50 F.3d 801, 824 (10th Cir. 1995), where we stated that the prosecution includes "not only the . . . prosecutor's entire office . . . [but also] law enforcement personnel and other arms of the state," causing their knowledge to be imputed to the prosecution. But he does not explain why the state's successful opposition to unsealing the affidavit at a state-court proceeding should be attributed to the federal prosecution in this case. Instead, his primary argument now appears to be that the federal prosecutors had a duty to disclose the affidavit to him through the discovery process because federal law enforcement participated in a joint law enforcement operation with state authorities. *See United States v. Beers*, 189 F.3d 1297, 1304 & n.2 (10th Cir. 1999) (reserving a ruling on that theory).

It is questionable whether Hahn properly preserved that theory in district court. It does not appear in his amended § 2255 motion. At most, Hahn hinted at the theory in his reply to the government's response, by citing *Smith*'s broad definition of the "prosecution" for *Brady* purposes and making a one-sentence statement that federal prosecutors had not provided him with the affidavit pursuant to discovery orders. *See* R. at 547. To be sure, he more fully developed his "joint operations" theory in his objections to the magistrate judge's recommendation, *see* R. at 637-38, 642-49, but that was too late. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived.").

But even if Hahn preserved his argument, he has not shown a debatable issue concerning the validity of his *Brady* claim. To establish that claim, he had to show the

evidence was material to his defense: that is, that "there is a reasonable probability that, had the evidence [here, the January 2020 affidavit] been disclosed to the defense, the result of the proceeding [the suppression hearing] would have been different." *United States v. Brooks*, 727 F.3d 1291, 1300 n.7 (10th Cir. 2013) (internal quotation marks omitted). Hahn has not shown it is reasonably likely that, had he been able to use the 2000 warrant affidavit to make a pretextual general search argument, the federal court would have suppressed the evidence from the pretextual search.

A pretextual general search occurs when officers execute a warrant in flagrant disregard for its terms. *See United States v. Foster*, 100 F.3d 846, 851 (10th Cir. 1996). In *Foster*, officers obtained a search warrant for evidence of marijuana cultivation and four specified firearms but then conducted a "fishing expedition" and seized "anything of value" they found in the home. *Id.* at 849 (internal quotation marks omitted). This court upheld the district court's blanket suppression of all evidence seized pursuant to the warrant, finding that the officers obtained the warrant "for a dual purpose: (1) a disclosed and legitimate search for illegal weapons and drugs . . . and (2) an undisclosed and improper fishing expedition for evidence of additional crimes." *Id.* at 852 (internal quotation marks omitted). But we cautioned that "the extreme remedy of blanket suppression should only be imposed in the most extraordinary of cases." *Id.* (internal quotation marks omitted). *Foster* was such a case because, among other things, there was testimony that the officer who obtained the warrant knew that it was standard procedure in his county to ignore the particularity requirement of search warrants, and to seize anything of value they found on the premises. *See id.*

Reasonable jurists would not debate whether the facts make Hahn's such an extraordinary case, or that the 2000 search warrant affidavit was reasonably likely to prove it was. The affidavit might have established that federal and state officers had an ulterior motive in obtaining and executing the 1999 warrant. But nothing about the 2000 affidavit shows it is reasonably likely Hahn could have met the very high standard to obtain the result—blanket suppression—that he seeks. He has failed to demonstrate a debatable issue about whether he presented a viable *Brady* claim sufficient to overcome the *Stone* bar.

### 2. Ineffective Assistance of Counsel Arguments

Hahn also asserts claims of ineffective assistance of his trial and appellate counsel, which if successful could allow him to circumvent the *Stone* bar. To establish that his counsel was ineffective, Hahn must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

### a) Ineffective Assistance of Trial Counsel

The magistrate judge concluded that trial counsel had not provided ineffective assistance in connection with the January 2000 warrant and affidavit, and the district court adopted the magistrate judge's analysis. Hahn contends the district court should have focused on counsel's failure to "timely and diligently obtain[] the January 2000 [search warrant] narrative." COA Appl. at 27. He claims doing so would have permitted counsel to argue that law enforcement used the December 1999 search warrant to perform an unlawful pretextual general search. He argues trial counsel were ineffective

because they abandoned "their pursuit of the January 2000 [search warrant] narrative," and condemns counsel's "abject failure to go after the U.S. Attorneys' Office for it." *Id.* at 29.

For reasons similar to those we discussed involving his *Brady* claim, Hahn has failed to establish the necessary prejudice to support an ineffective-assistance claim. For this reason alone, reasonable jurists would not debate that Hahn failed to establish an ineffective assistance of trial counsel claim.[6]

### b)    Ineffective Assistance of Appellate Counsel

Hahn also argues that his appellate counsel was ineffective in failing to raise issues about the suppression of evidence. The district court held that Hahn waived his ineffective assistance of appellate counsel claim by failing to develop the issue until he objected to the magistrate judge's report and recommendation. *See Garfinkle*, 261 F.3d at 1031. The court noted that Hahn raised ineffective assistance of counsel summarily in his amended § 2255 motion but he did not explain or demonstrate how appellate counsel was ineffective and waived the issue.

---

[6] We also question whether he has even shown that his attorneys' performance was deficient. As we understand it, Hahn's argument is that counsel was constitutionally ineffective in failing to ask the government's counsel to provide a sealed affidavit, or otherwise take further actions to obtain it, where (1) counsel had sought but failed to obtain the unsealing of the affidavit in state court; (2) counsel had not seen the affidavit and did not know its precise contents; and (3) to obtain it, counsel would have had to persuade the government or a court that the government had a duty to produce it. Having overcome these hurdles, counsel could then have used the affidavit to argue for blanket suppression that applies only in extraordinary cases. Such a highly speculative claim falls short of demonstrating that Hahn's counsel's "conduct so undermined the proper functioning of the adversarial process that the [suppression hearing] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Hahn challenges that conclusion.  He refers to essentially the same portions of his amended § 2255 motion that the district court cited.  There, under a heading stating, "*Trial Counsel* was Ineffective in Connection with Hahn's Fourth Amendment Suppression Hearing," R. at 407 (emphasis added), he claimed he was "denied a full and fair opportunity to present the full scope of his Fourth Amendment claims, pretrial and on direct appeal," *id.*  He asserted that counsel raised only a single issue on appeal, which was a "dead bang loser."  *Id.* at 408 (internal quotation marks omitted).

But even if Hahn preserved the issue, he focuses on appellate counsel's failure to raise his pretextual search claim based on the 2000 affidavit as a basis for seeking a COA.[7]  We have already explained that he has not shown he was prejudiced by the failure to obtain the January 2000 affidavit prior to the suppression hearing.  For similar reasons, he has not shown that his claim of ineffective assistance of appellate counsel warrants a COA.

### C.    Motion to Expand the Record

Hahn sought to expand the record during the § 2255 proceedings with documents pertaining to his pretextual general search theory.  After granting one such request, the district court denied his second amended motion to expand the record, which Hahn filed after the magistrate judge's recommendation.  The district court noted that the first

---

[7] Hahn's passing references to appellate counsel's failure to raise "Probable cause—overbreadth—scope of search—and wholesale property seizure arguments" on appeal, COA Appl. at 30, and his citation without significant explanation to a 2000 Tenth Circuit case, are insufficient to show a debatable issue involving appellate ineffective assistance of counsel that warrants a COA.

motion had been granted under Rule 7 of the Rules Governing Section 2255 Proceedings, which allows a judge to direct the parties to expand the record by submitting additional materials relating to the § 2255 motion. It reasoned that Hahn failed to demonstrate why it should consider additional evidence that could have been presented to the magistrate judge before he issued his recommendation. It concluded he failed to establish due diligence in submitting the documents and that he failed to demonstrate they would change the result of his claims in any event.

We review the district court's decision not to expand the record under § 2255 for an abuse of discretion. *See Eckstein v. Kingston*, 460 F.3d 844, 851–52 (7th Cir. 2006) (applying Rule 7(a) of Rules Governing Section 2254 Cases). The decision whether to accept further evidence after the magistrate judge's recommendation also lies within the district court judge's discretion. *See Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004). The district court "abuses its discretion when its decision rests on an error of law or a clearly erroneous finding of fact, or when the decision manifests a clear error in judgment." *United States v. Kirby*, 161 F.4th 1208, 1213 (10th Cir. 2025) (internal quotation marks omitted).

Hahn argues the district court hindered him from filing his second motion by threatening him with dismissal if he filed any additional motions, documents, evidence, exhibits, or attachments.[8] He claims these warnings, together with the need to obtain an affidavit from his attorney, delayed his ability to file the second motion to supplement.

---

[8] Hahn claims the district court not only gave this warning about dismissal early on, when he filed a flurry of documents, but renewed it in the order for supplemental

We discern no abuse of discretion. The district court granted Hahn's first motion to expand the record, showing it was willing to entertain such a motion notwithstanding its warnings about prolific filings. It provided sound reasons for the denial of his second motion. Although Hahn asserts it took him considerable time to obtain his counsel's affidavit, he fails to show he could not have filed the other supplementary documents earlier or sought and obtained the attorney's affidavit earlier in the litigation.

## D.    Evidentiary Hearing

Finally, Hahn argues the district court erred by denying his motion without holding an evidentiary hearing. A prisoner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). Citing this standard, the district court determined that no evidentiary hearing was required. "We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (internal quotation marks omitted). Because reasonable jurists would not dispute that Hahn was not entitled to an evidentiary hearing, we deny a COA.

---

briefing on the timeliness issue. But the record does not bear out this assertion. *See* R. at 559 (warning Hahn the court might dismiss his claims if he *failed to file a response* on the timeliness issue within the deadline, but also separately limiting arguments, exhibits or attachments unless they pertained to that issue).

## III.    CONCLUSION

We deny a COA and dismiss this matter.  We grant Hahn's motion to proceed on appeal without prepayment of costs and fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge